FRANCISCO QUIÑONES RODRÍGUEZ, Plaintiff and Appellee, *v.* EFRAÍN RIVE GOMÉZ and UNITED STATES CASUALTY COMPANY, Defendants and Appellants.

No. R-67-4.     Decided January 18, 1968.

*Emilio de Aldrey* for appellants. *Emilio Rodríguez Colón* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: The present case deals with an action for damages brought as a consequence of an accident which occurred on May 10, 1965, at 10:45 a.m. in front of the garages of the Metropolitan Bus Authority in Hato Rey. On that day the plaintiff, driver of the Authority, was going from the garages of said company to the bus terminal in Río Piedras. He crossed the Muñoz Rivera Avenue and reached the isle which divides the lanes which go from San Juan to Río Piedras from those which go from Río Piedras to San Juan. He crossed there through a hole in a cyclone fence, which hole had been especially made by the drivers of the Authority, as a shortcut. When the plaintiff began to cross, he was hit by the automobile driven by the codefendant Rive Gómez.

The corresponding trial having been held, judgment was rendered assessing damages at the sum of $11,000, but in applying the law of ordinary negligence, the trial court decided that the plaintiff was 40% negligent, and ordered the defendants to pay plaintiff the sum of $6,600.00 in addition to the costs.

In this petition for review the defendants assign the following errors:

1. "The Lower Court erred in ordering the defendants to pay the plaintiff compensation for damages, when the evidence presented, and from the findings of the trial judge, it appears that the only person liable for the accident was the plaintiff himself."

2. "The Lower Court erred in holding, by applying the law of ordinary negligence, that the driver of the vehicle was 60% negligent, when the evidence and the findings of fact reveal that

there was no negligence whatsoever on the latter's part to cause the accident or to contribute thereto."

Inasmuch as the errors assigned turn partly on the findings of the trial judge, we shall set forth that part of such findings which concerns the negligence charged against the parties:

"10. The accident was due to the joint negligence of the plaintiff and of the driver of the automobile belonging to the codefendant Rive Gómez. The plaintiff was negligent and imprudent in rushing out to the street after having seen the automobile which hit him before he left the place where he was standing. He was also negligent in crossing a highway of heavy traffic through a place where there was no pedestrian walk, and even more through a hole in the cyclone fence.

"11. The driver of the automobile was negligent in driving at a speed which did not permit him to exercise the due control of the vehicle to bring it to a stop, and avoid the accident. The driver did not sound his auto horn. Since the highway was straight and without obstacles, he should have seen the plaintiff when he tried to cross the avenue, if he had been attentive and performing his duty of looking forward while driving his automobile."

After having examined the findings of fact and conclusions of law, we believe that they are not clearly erroneous nor do they reveal clear arbitrariness, prejudice or partiality. Therefore, we must not disturb them on review. *Morales* v. *Superior Court*, 84 P.R.R. 119 (1961); *Secretary of Labor* v. *Vélez*, 86 P.R.R. 555 (1962), and cases cited therein.

Appellants did not place this Court in a position to examine the evidence presented before the trial court, since the transcript of the evidence was not sent to us.

The judgment rendered by the Superior Court will be affirmed.